315 So.2d 79 (1975)
Mrs. Betty Picou, wife of Clarence FRANZ
v.
Clarence FRANZ.
No. 7058.
Court of Appeal of Louisiana, Fourth Circuit.
May 20, 1975.
*80 Harry R. Cabral, Jr., Metairie, for relator.
Gibson Tucker, Jr., New Orleans, for respondent.
Before LEMMON, SCHOTT and MORIAL, JJ.
LEMMON, Judge.
Mrs. Clarence Franz has applied for a writ of certiorari, asking us in the exercise of our supervisory jurisdiction to review a judgment which in effect declared an earlier judgment of separation null.
Mr. and Mrs. Franz established a matrimonial domicile in Jefferson Parish in 1970. In 1973, after she was allegedly abandoned by her husband, Mrs. Franz moved into her mother's home in Orleans Parish and immediately filed a suit for separation in that parish. However, she moved from her mother's home back to her home in Jefferson Parish several days later. The Orleans Parish court rendered a judgment of separation by default on December 18, 1973.
On December 19, 1974 Mrs. Franz filed a petition for divorce in Orleans Parish. Mr. Franz filed an exception to the jurisdiction on the basis that both he and his wife were at all pertinent times domiciled in Jefferson Parish. He further prayed that the judgment of separation be declared null and void, since C.C.P. art. 3941 provides that a judgment of separation by a court of improper venue is an absolute nullity.[1]
After an evidentiary hearing the trial judge ruled that Mrs. Franz, at the time of her move to her mother's house, did not have the requisite intention to make Orleans Parish her domicile. He therefore maintained the exception and dismissed the entire suit.[2]
Generally, judgments which are absolutely null because of defects patent on the face of the proceedings may be attacked in collateral proceedings in any court and are not subject to the venue and delay requirements of the action of nullity *81 prescribed in C.C.P. arts. 2001-2006. Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901); Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960); Tannehill v. Tannehill, 226 So.2d 185 (La.App.3rd Cir. 1969). However, the facts in those cases did not raise the question as to whether a judgment null for lack of non-waivable venue can be attacked collaterally when the defect must be showed by extrinsic evidence and does not appear on the face of the record.
It is not particularly significant in the present case whether the judgment of separation was attacked directly or collaterally. The non-waivable venue for a direct attack was in Orleans Parish. C.C.P. art. 44, 2006. Thus, the collateral attack in Orleans Parish did not present a venue problem.
As to the delays which would be required in a direct attack by ordinary proceeding (the present collateral attack by means of an exception was summarily heard), the trial has already taken place and the evidence on the nullity issue has already been presented. Any question as to the propriety of summary procedure is now moot, since no showing has been made of any prejudice incurred because of the summary procedure.
Since there was no showing that the collateral attack in Orleans Parish on the separation judgment was improper, at least under the circumstances of this particular case, and since the applicant has an adequate remedy by appeal to obtain a review of the evidence supporting the judgment nullifying her earlier separation judgment, we deny her application for certiorari.
The application is denied.
Application denied.
NOTES
[1] Inasmuch as a valid judgment of separation was an essential element of Mrs. Franz's cause of action for divorce under R.S. 9:302, Mr. Franz's exception set up the invalidity of the prior judgment as a defense to the petition for divorce.
[2] The judgment dismissing the action did not specifically annul the judgment of separation, but the oral reasons incorporated in the judgment by reference expressly declared the nullity.