385 So.2d 531 (1980)
Washington DEMERY et al., Plaintiffs-Appellants,
v.
Sam NELKEN et al., Defendants-Appellees.
No. 7554.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
Rehearing Denied July 16, 1980.
Paul Henry Kidd, Monroe, for plaintiffs-appellants.
Sam Nelken, Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for defendants-appellees.
Before FORET, SWIFT and STOKER, JJ.
SWIFT, Judge.
The plaintiffs instituted this action seeking to nullify a judgment for partition by licitation and a judicial sale executed pursuant thereto. Made defendants were Gahagan Land and Timber Co., Inc., Russell Gahagan and Sam Nelken.
The facts are that on October 2, 1973, Gahagan Land and Timber Co., Inc., filed a suit for a partition by licitation of a tract of land located in Natchitoches Parish. It is undisputed that the company owned an undivided one-half interest in the property. The other one-half interest was owned in indivision by the heirs of Henry Demery, all but one of whom (Mrs. Alice Demery Morgan) are the plaintiffs in the instant case. *532 When the partition suit was filed all of the Demery heirs were absentees except Mrs. Morgan. She was a resident of Natchitoches Parish and was personally served. The court appointed Sam Nelken, an attorney, to represent the absentees and they were cited and served through him. A notice of the filing of the partition suit was published in accordance with LSA-C.C.P. Article 4624. No answer was filed by or on behalf of any defendant and a preliminary default was entered. The default was confirmed and the property was sold at public auction on January 23, 1974, to Gahagan Land and Timber Co., Inc., for the sum of $3,505.00. The absentee heirs' shares of the proceeds of the sale were deposited in the registry of the court. It appears that Mrs. Morgan was paid her share.
The plaintiffs instituted this suit on January 22, 1979, contending that they received no notice of the partition suit and first learned of the sale in June, 1978. The defendants filed exceptions of two and five years prescription, apparently under LSA-C.C. Articles 3542 and 3543 (nullity or rescission of partitions and public sales, respectively), and also exceptions of no right and no cause of action.
At the hearing on the exceptions there was admitted into evidence a copy of a letter dated November 7, 1973, from the curator ad hoc to all persons that were then heirs of Henry Demery, except Mrs. Morgan. It informed them of the pendency of the suit "so that you may take any action you deem necessary." Copies were mailed to each heir at addresses furnished by Mr. Gahagan, who represented the land company. However, the only address given for five of the children of a deceased son was that of their sister in Atlanta, Texas. None of the letters were returned to the curator. Both Messrs. Gahagan and Nelken stated that they were contacted subsequently by a person from Atlanta who said he was an attorney and represented one or more of the heirs. According to Mr. Gahagan, this attorney appeared and bid on the property at the partition sale.
The trial judge sustained the pleas of prescription and dismissed this suit at plaintiffs' costs. The latter have appealed.
Plaintiffs have assigned as error the judge's decision that the prescriptions of two and five years were applicable rather than the one year prescription provided in LSA-C.C.P. Article 2004. Under this article,
"A final judgment obtained by fraud or ill practices may be annulled.
"An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."
The plaintiffs argue that the partition judgment was obtained as a result of "ill practices" on the part of Mr. Nelken and Mr. Gahagan in failing to notify them of the partition suit, failing to conduct the proceedings contradictorily and failing to comply with other duties provided for an attorney appointed to represent an absentee by Articles 5091 through 5096 of our Code of Civil Procedure. Their position in this respect is that the requirements of these articles constitute matters of substance which must be complied with or else the legal proceeding is an absolute nullity, as distinguished from mere informalities or defects which are only relative nullities cured by the prescriptions of Articles 3542 and 3543 of our Civil Code.
We do not agree.
In the first place the record does not reveal that either Mr. Nelken or Mr. Gahagan committed any ill practice under Article 2004. According to the Official Revision Comment:
"(b): * * *
"Although the courts do not sanction negligence or laches, they have not hesitated `to afford relief against judgments irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable.'" (Emphasis added.)
*533 The plaintiffs have not shown that either attorney knew of any better addresses for the Demery heirs than those used in the curator's November 7, 1973, letter or that they did not exercise reasonable diligence to communicate with the defendants in the partition suit and inform them of its pendency. To the contrary, the evidence indicates that most if not all of the heirs received such a notice.
In addition, there is no indication that the Demery heirs were deprived of any legal rights. LSA-C.C.P. Article 4621 provides:
"When one of the co-owners of property sought to be partitioned is an absentee, the partition may be effected by licitation, as provided in this Chapter, whether the property is divisible in kind or not."
The petition contains no allegation that the plaintiffs had any defense to the partition suit of which they were deprived or that the price bid for the property at the sale was inadequate.
Although the code provides for a contradictory proceeding against the attorney for an absent heir, in our opinion he is not absolutely required thereby to contest the suit or interpose any defense unless he is aware of same.
Furthermore, LSA-C.C.P. Article 5098 specifically provides:
"The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
"For a wilful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law."
For us to uphold the plaintiffs' contention that the partition proceedings and public sale were absolutely null and void because of the failure of either of the defendant attorneys to perform any duty imposed by the Articles of our Code of Civil Procedure in the chapter dealing with attorneys appointed for unrepresented defendants would be in direct conflict with the provisions of Article 5098. We therefore conclude that the trial judge correctly sustained the exceptions of two and five years prescription filed herein by the defendants.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.