## Richmond

### EDWARD LEE CEYTE

### v.

### GISELA ANITA BURKHART CEYTE

June 12, 1981.

Record No. 800436.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

*John M. Cloud* for appellant.
*Richard A. Rilee* for appellee.

PER CURIAM.

The sole question for decision in this appeal is whether the chancellor erred in failing to give full faith and credit to a foreign court's earlier final decree barring spousal support.

On October 8, 1974, Gisela Anita Burkhart Ceyte (the wife) filed a bill for separate maintenance against Edward Lee Ceyte (the husband) in the Circuit Court of the City of Newport News. On November 7, 1974, the court entered a *pendente lite* decree requiring the husband to pay spousal support of $320 per month. No final decree for separate maintenance was entered.

Prior to entry of the Newport News decree, the husband, on October 16, 1974, had filed a bill of complaint for divorce in the Circuit Court of the Fourth Judicial Circuit, Christian County, Illinois, in which he alleged that the Illinois court had jurisdiction and that the wife had been guilty of cruelty. The wife was served personally with Illinois process on October 30, 1974, in Newport News. At a hearing in Illinois on December 11, 1974, at which the wife neither appeared nor was represented by counsel, the husband offered testimony concerning his Illinois residency and the wife's alleged cruelty. The same day, the Illinois court entered an order finding the court had jurisdiction, concluding the wife was guilty of cruelty, and barring spousal support to both parties.

On March 27, 1975, the wife, by counsel, filed with the Illinois court a motion asking that the decree be set aside because the court lacked jurisdiction. The motion to set aside prayed in the

alternative that "the Decree of this court be ammended [sic] to require the payment of $320.00 per month to [the wife] for her support."[1] On July 11, 1975, following two hearings in which both parties were represented by counsel, the Illinois court denied both the motion to set aside and the motion to amend the Illinois decree.

After his pay had been garnished pursuant to the Virginia *pendente lite* decree, the husband filed a petition for an injunction and other relief in the Circuit Court of the City of Newport News. The husband claimed that the Illinois decree was entitled to full faith and credit and that the wife consequently should be enjoined from enforcing the Virginia decree by garnishment. The matter was referred to a commissioner in chancery, who concluded the Illinois decree should be given full faith and credit. In a decree entered January 11, 1980, the chancellor overturned the commissioner's recommendations, denied the husband's request for an injunction, and ruled the wife could proceed with enforcement of the Virginia *pendente lite* decree for support.[2] On appeal, the husband challenges this ruling.

We have established the rule that the entry in Virginia of a *pendente lite* decree for spousal support does not affect the question whether a foreign court's final decree barring support is entitled to full faith and credit in this state. *Osborne* v. *Osborne,* 215 Va. 205, 207 S.E.2d 875 (1974). The right to spousal support, however, is terminated by a foreign court's final decree barring support where that court has personal jurisdiction over the spouse. *Newport* v. *Newport,* 219 Va. 48, 54-56, 245 S.E.2d 134, 138-39 (1978). The question becomes, therefore, whether the Illinois court had personal jurisdiction over the wife. This question necessitates examination of Illinois law. *See Bloodworth* v. *Ellis,* 221 Va. 18, 22, 267 S.E.2d 96, 99 (1980).

The Supreme Court of Illinois addressed the effect of appearance after judgment in *Lord* v. *Hubert,* 12 Ill.2d 83, 145 N.E.2d

---

[1] An affidavit made by the wife's Illinois attorney and submitted to the court below stated that he appeared on behalf of the wife and that he limited himself to presenting jurisdictional issues. A stipulation of facts, also filed below, clearly shows, however, the wife's motion included a request that the Illinois decree be amended to include spousal support.

[2] Claiming the January 11, 1980 decree is purely interlocutory in nature and not appealable, the wife challenges this court's jurisdiction to entertain this appeal. Because, however, it (1) denies the husband an injunction, and (2) adjudicates the principles of the cause, the decree is appealable. Code § 8.01-670(B)(1), (3).

77 (1957). Describing conduct constituting a general appearance, the court stated that "any action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction." *Id.* at 87, 145 N.E.2d at 80.

In this case, the wife entered a general appearance in Illinois when she moved the Illinois court to amend its decree to include spousal support. The parties have stipulated that her motion subsequently was denied by the Illinois court. The action on the motion constituted a final adjudication on the merits by a court having personal jurisdiction over the wife. We hold, therefore, that the Illinois court's decree is entitled to full faith and credit.

For the reasons stated, the judgment of the trial court will be reversed, and the case will be remanded for a determination of the amount of spousal support accruing after the entry of the July 11, 1975 Illinois decree and paid by the husband through garnishment. The trial court will be directed to enter judgment for the husband in this amount.

*Reversed and remanded.*