471 So.2d 986 (1985)
Jesse M. CHAPA, Jr.
v.
Rose Marie CHAPA.
No. CA 84 0678.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Stuart R. Thomson, Baton Rouge, for plaintiff-appellee Jesse M. Chapa, Jr.
Sylvia Roberts, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issue presented in this appeal is whether the alleged failure of an attorney to comply with the instructions of the nonresident defendant he was appointed to represent provides a basis for setting aside a judgment which is valid in all other respects.
Appellant, Rose Marie Chapa, and appellee, Jesse M. Chapa, Jr., were married on April 22, 1966 in Juneau, Alaska and physically separated on April 1, 1981 in Prince William County, Virginia. Following this separation, Mr. Chapa moved to and became *987 a domiciliary of East Baton Rouge Parish. Mrs. Chapa has continued to reside in Virginia.
On April 19, 1983, Mrs. Chapa filed a petition for divorce in Virginia, based upon the parties living separate from one another since April 1, 1981. Mrs. Chapa also sought and obtained custody of the two minor children of the marriage and support pendente lite for both them and herself. A judgment of divorce was not rendered. Several months thereafter she filed a rule for contempt, alleging Mr. Chapa had failed to pay the support ordered. Judgment was rendered on this rule against Mr. Chapa for arrearages, attorney's fees and court costs. The Virginia court also ordered garnishment of Mr. Chapa's military retirement for past due and future support payments.
This was the status of the Virginia proceedings on January 13, 1984, when Mr. Chapa filed a petition for divorce in East Baton Rouge Parish, based on the parties living separate and apart in excess of one year. Since Mrs. Chapa was a nonresident, an attorney was appointed to represent her, pursuant to La.Code Civ.P. art. 5091. This appointment was accepted by Mr. Robert Oliver on January 23, 1984. Mr. Oliver waived citation and service on that same date. On February 22, 1984, he filed an answer on Mrs. Chapa's behalf in the form of a general denial. At this point he had been unsuccessful in contacting Mrs. Chapa, although he was later able to contact both her and the attorney representing her in Virginia.
According to Mrs. Chapa, her Virginia attorney instructed Mr. Oliver to seek a stay of the Louisiana proceedings so that the Virginia suit could proceed in an orderly fashion and Mrs. Chapa continue to receive the support ordered therein. The only procedural means for obtaining a stay under these circumstances would have been through the declinatory exception raising the objection of lis pendens. La. Code Civ.P. arts. 532; 925(3). This exception seeks to have the court decline jurisdiction, it does not tend to defeat the action. La.Code Civ.P. art. 923. The record indicates no such exception was ever filed. However, Mr. Oliver did introduce copies of the pleadings and orders rendered in the Virginia proceedings at the March 12, 1984 trial on Mr. Chapa's suit for divorce. At the conclusion of this trial, the Family Court rendered judgment granting Mr. Chapa a divorce. Mrs. Chapa contends Mr. Oliver was then instructed through her Virginia attorney to file a motion for new trial, which he never did. Mrs. Chapa ultimately retained present appellate counsel and the instant appeal followed.
Mrs. Chapa contends her appointed attorney failed to comply with her instructions to seek a stay of the Louisiana suit and to file a motion for new trial after a divorce judgment was rendered. She maintains the divorce judgment rendered in Louisiana may have an adverse effect on her right to continued support from Mr. Chapa under Virginia law.[1] Accordingly, she argues there has been a miscarriage of justice and this matter should be remanded to the Family Court for the filing of a motion for new trial and consideration of the objection of lis pendens.
Initially we note there is nothing in the record to establish the alleged instructions were actually given to Mr. Oliver. Although copies of correspondence between Mr. Oliver and Mrs. Chapa's Virginia attorney, as well as an affidavit from the latter, have been attached to appellant's *988 brief, these items are not part of the record and can not be considered on appeal. Nat. American Bank of New Orleans v. Purvis, 407 So.2d 754 (La.App. 1st Cir.1981).
However, even assuming for the sake of argument Mr. Oliver was specifically instructed to seek a stay, it would have been futile for him to have filed the declinatory exception raising the objection of lis pendens. At the time this instruction was allegedly given, Mr. Oliver had already filed an answer on Mrs. Chapa's behalf in order to prevent a default judgment against her. Under La.Code Civ.P. art. 928 the declinatory exception of lis pendens must be pled prior to answer. We do not believe, as contended by Mrs. Chapa, La. Code Civ.P. art. 5093 prevents an attorney appointed to represent a defendant from waiving this "defense." As noted above, the declinatory exception seeks to have the court decline jurisdiction. Unlike the peremptory exception, it does not tend to dismiss or defeat the merits of the action and, as such, can not in a true sense be considered a "defense." Thusly, the procedural requirements of timely filing should not be abrogated by article 5093. We find nothing in the articles (5091, et seq.) dealing with the appointment of attorneys to represent unrepresented defendants leading us to believe otherwise. His duties are outlined generally by articles 5094 and 5095, the latter leaving it within his discretion whether to except to the petition while imposing a mandatory duty upon him to file an answer in time to prevent a default judgment from being rendered.
We also note the trial court was made aware of the pendency of the Virginia proceedings by the introduction into evidence of several pleadings and orders from those proceedings. When a suit is filed in a Louisiana court while another suit is already pending in another state on the same cause of action, between the same parties in the same capacities, and having the same object, it is within the discretion of the trial court to grant or not to grant an exception of lis pendens and stay the Louisiana suit. La.Code Civ.P. art. 532. If the trial court had been inclined to grant an exception of lis pendens in this case, it could have done so on its own motion under art. 532, even though an exception had not been filed by defendant.
Additionally, even if Mr. Oliver was guilty of some breach of duty, which has not been established, our jurisprudence and statutory law does not indicate Mrs. Chapa is entitled to the relief sought. Her contention that an appointed attorney has the same general obligations toward a nonresident defendant as does retained counsel is correct. La.Code Civ.P. art. 5095. However, with respect to an appointed attorney's failure to fulfill these duties, La.Code Civ.P. art. 5098 provides:
"The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
"For a wilful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law." (Emphasis supplied.)
Under this provision a judgment may not be set aside on the basis of an appointed attorney's failure to perform any of his statutory duties. Mouton v. Vallot, 415 So.2d 652, 656 (La.App. 3d Cir.1982); Demery v. Nelken, 385 So.2d 531 (La.App. 3d Cir.1980); also see In Re Wildeboer, 406 So.2d 687, 690 (La.App. 2d Cir.1981). Accordingly, Mrs. Chapa's contentions do not establish any basis for setting aside the judgment in question and remanding this matter.
In any event, we find no apparent miscarriage of justice in the present case. On the merits Mr. Chapa was clearly entitled to a judgment of divorce. Mrs. Chapa does not claim she had any substantive *989 defenses to this suit. Moreover, it is unclear what effect, if any, the divorce judgment in question will have upon Mrs. Chapa's right to receive continued support in Virginia. However, it is clear she could obtain an award of alimony from a Louisiana court if she establishes she is in necessitous circumstances and free from fault. Thus, even if the divorce judgment does affect her right to receive support in Virginia, Mrs. Chapa will not be left without recourse.
For these reasons, the judgment of the trial court is affirmed. All costs of appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] This issue is, of course, one for the Virginia courts and is not presented as an issue herein. However, we note the Virginia case cited by appellant in support of this contention, Ceyte v. Ceyte, 222 Va. 11, 278 S.E.2d 791 (1981), is clearly distinguishable from the present case in two significant aspects. In Ceyte the Virginia Supreme Court held the right to spousal support was terminated by a foreign court's final decree barring support where that court had personal jurisdiction over the spouse. The Louisiana judgment at issue does not bar support since it did not involve an adjudication of fault. Furthermore, the Family Court did not have personal jurisdiction over Mrs. Chapa, but only jurisdiction over the status of the parties so as to allow it to render a judgment of divorce.