TOBIAS, J.,
Dissents and Assigns Reasons.
hi respectfully dissent. For the reasons that follow, I would reverse the granting of summary judgment for in my view the record on appeal discloses genuine issues of material facts that are presently unknown and affect the outcome. (In the following, I have underlined some of those facts that I find create those genuine issues of material fact and have cited relevant law, primarily in footnotes.)
In early 2000, Ms. Fleming owned property located in the French Quarter of New Orleans bearing the municipal address of 821-823 Governor Nicholls Street (hereinafter “the property”), consisting of an upstairs and downstairs unit. In order to finance the renovation of one of the units, Ms. Fleming made inquiries into leasing the property for limited stays to third parties. She contacted a number of people who might be able to help her.
1 ?One of these people was Daniel Resnic, an apparent resident of California. Ms. Fleming showed him the property and orally agreed[1] to allow Mr. Resnic, among others, to advertise the property on a passive website that he maintained. Ms. Fleming claims to have had a non-exclusive relationship with Mr. Resnic while she attempted to solicit renters from other sources.
In March 2000, Shannon Lee Abraham, a companion of Mr. Eldred,[2] contacted Mr. Resnic and offered to lease Ms. Fleming’s unit for the month of May 2000, with a fifty percent deposit and the balance to be paid on arrival. Mr. Resnic contacted Ms. Fleming who approved the rental agreement between herself and Ms. Abra *441 ham. Ms. Abraham paid, the full amount for the lease to Mr. Resnic who told Ms. Fleming that he had deposited the funds in her account. However, Ms. Fleming never received any of the money from Mr. Resnic or for that matter from Mr. Eldred.
Although Mr. Resnic kept the money from Ms. Abraham, Ms. Fleming allowed Mr. Eldred and Ms. Abraham stay on the property [3] After approximately nine days, Mr. Eldred became dissatisfied with the accommodations. On the evening of 9 May 2000, Mr. Eldred elected to leave the property for another place to rent; he and Ms. Fleming parted on amicable terms. With the understanding that they were both victims of Mr. Resnic, Mr. Eldred gave Ms. Fleming a check for |3$75.00 to defray the costs of utilities used during his stay; this was the only money ever received by Ms. Fleming relating to the whole transaction.
On 6 October 2000, Mr. Eldred filed a lawsuit for damages in California against Mr. Resnic and Ms. Fleming (the “California case”). Mr. Eldred alleged that Mr. Resnic acted as Ms. Fleming’s agent, thereby rendering Ms. Fleming subject to jurisdiction in a California court. No evidence in the record before us establishes that this suit was ever served upon Ms. Fleming or Mr. Resnic.
Ms. Fleming opposed personal jurisdiction by filing a motion to quash service for lack of personal jurisdiction and a memorandum of law in support thereof on or about 22 August 2001, which was allegedly set for hearing on 7 November 2001.[4] The motion to quash and attached memorandum contains a certificate of service evidencing that they were both served by mail on both Mr. Resnic and Mr. Eldred’s California counsel of record, Joe McMillin, and by email on Mr. McMillin. The record before of us reflects that a copy of a “proposed ” default judgment was mailed to Mr. Resnic and Ms. Fleming on 1 November 2001; however, the “proof of service” reflects that Ms. Fleming’s copy was mailed to “821 Governor Nichols Street,”[5] not 2 Canal Street, Suite 2430, New Orleans, which was the address given by her in the motion to quash and memorandum filed in the California case. However, the hearing did not take place as Mr. Eldred | ¿obtained a default judgment (the “California judgment’’) in the California case on that November day. Mr. Eldred, an attorney, claimed damages of $25,000.00 for his inability to work while he was vacationing in New Orleans and was awarded $24,900.00 by the judgment.
On 26 April 2002, Mr. Eldred filed a petition in the Civil District Court for the Parish of Orleans to make the California judgment executory in Louisiana. The trial court entered judgment in Mr. Eldred’s favor the same day (the “domesticated judgment”). The record before us contains a certificate of a deputy clerk of the Civil District Court that a notice of the filing of a petition to enforce a foreign judgment was mailed by certified mail to Ms. Fleming at “621 Governor Nicholls Street New Orleans, La. 70116;” where anyone got an address of 621 Governor Nicholls Street is unknown, and no evidence exists before us whether Ms. Flem *442 ing ever maintained a mailing address at that location.
In late August 2002, Ms. Fleming first became aware of the California judgment and domesticated judgment. She filed a petition to declare the foreign judgment null for lack of personal jurisdiction, to nullify the domesticated judgment on the basis of fraud or ill practices, and for damages (“original petition”). The original petition alleged that both the California judgment and domesticated judgment were absolutely null for two reasons: (1) lack of personal jurisdiction pursuant to La. C.C.P. art. 2002 and in violation of the Due Process Clause of the United States Constitution; and, (2) both judgments were secured through fraud or ill-practices, pursuant to La. C.C.P. art. 2004 A.
|fiMr. Eldred responded with a dilatory exception of improper cumulation of actions to Ms. Fleming’s original petition, arguing that it should be dismissed for improperly cumulating Ms. Fleming’s claim of nullity on the basis of fraud or ill-practices (requiring an ordinary proceeding) with the petition to make judgment executory (a summary proceeding). The trial court granted Mr. Eldred’s dilatory exception on 20 July 2007, but instead of dismissing Ms. Fleming’s original petition, Ms. Fleming was allowed to sever her claims for relative nullity and damages by amending her original petition. She was also granted leave of court to bring these claims in a new proceeding within thirty (30) days.
Ms. Fleming timely complied with the court’s order by submitting two pleadings: (1) a petition for relative nullity, damages, and attorney’s fees, encompassing the severed claims for relative nullity and damages; and, (2) an amended petition and/or reconventional demand and third party demand to declare the foreign judgment null for lack of personal jurisdiction, containing only claims for absolute nullity.
After Ms. Fleming filed her new pleadings, Mr. Eldred filed an exception of lack of subject matter jurisdiction as well as exceptions of lack of jurisdiction and prescription. The two separate cases were eventually consolidated.
The trial court heard Mr. Eldred’s exceptions on 4 January 2008. The court denied Mr. Eldred’s exceptions in open court and issued written judgments on 8 January 2008. In written reasons, the trial court found that “Fleming’s amended | ^petition clearly alleges lack of personal jurisdiction, which is an absolute nullity under Louisiana law.”
Mr. Eldred filed an application for supervisory review with this court, seeking judicial review of the ruling. This court denied the writ application, finding no error by the trial court’s judgment.
On 11 January 2010, Ms. Fleming filed a motion for summary judgment in which she alleged that no issue of material fact existed that she was ever subject to personal jurisdiction in California. Ms. Fleming submitted an affidavit in which she explained that Mr. Resnic was never given authority to act as her mandatary,[6] nor did she have any connection to the state of California that would subject her to personal jurisdiction in that state. She explained that Mr. Resnic acted as a passive advertiser only; he was never given authority to transact affairs on her behalf.[7]
*443 Mr. Eldred opposed the motion urging that, even if Mr. Resnic was not given actual authority to act as Ms. Fleming’s mandatary, he possessed “apparent authority,” although no evidence was submitted to support the allegation. The matter came for hearing on 26 February 2010. Following oral argument, the trial court granted Ms. Fleming’s motion; a written judgment was entered on 3 March 2010, granting summary judgment to Ms. Fleming. This timely appeal followed.
Because I am reviewing a motion for summary judgment, I apply the de novo standard of review.
|7Mr. Eldred assigned one error for our review. He alleged that the trial court erred in granting Ms. Fleming’s motion for summary judgment because she failed to establish a prima facie case and because genuine issues of material fact exist.
I first note, as did the trial court, that Ms. Fleming presented a case to establish absolute nullity on the basis of lack of personal jurisdiction.[8] Further, a judgment that is absolutely null may be attacked in collateral proceedings in any court when based upon defects which appear on the face of the record.[9]
This court, whether requested to do so or not, must take judicial notice of the laws of the United States, of every state, territory, and other jurisdiction of the United States.[10] Therefore, we must apply California law to determine whether the California judgment is absolutely null.
After reviewing the record before us, I find no evidence that either Ms. Fleming or Mr. Resnic were ever served with the original complaint filed by Mr. Eldred in California. West’s Ann.Cal.C.C.P. § 585(a) provides in pertinent part:
Judgment may be had, if the defendant fails to answer the complaint, as follows:
(a) In an action arising upon contract or judgment for the recovery of money or damages only, if the defendant has, or if more than one defendant, if any of the defendants have, been served, other than by publication, and no answer, demurrer, notice of motion to strike of the character specified in subdivision (f), notice of motion to transfer pursuant to Section 396b, notice of motion to dismiss pursuant to Article 2 (commencing with Section 583.210) of Chapter 1.5 of Title 8, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section |s418.10, or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed with the clerk of the court within the time specified in the summons, or within further time as may be allowed, the clerk, upon written application of the plaintiff, and proof of the service of summons, shall enter the default of the defendant or defendants, so served, and immediately thereafter enter judgment for the principal amount demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for in Section 425.115, or a lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant, or defendants, or against one or more of the defendants. [Emphasis supplied.]
I also note that West’s Ann.Cal.C.C.P.
§ 418.10 provides in pertinent part:
*444 (a) A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes:
(1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her.
[[Image here]]
(e) A defendant or cross-defendant may make a motion under this section and simultaneously answer, demur, or move to strike the complaint or cross-complaint.
(1) Notwithstanding Section 1014, no act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section. If the court denies the motion made under this section, the defendant or cross-defendant is not deemed to have generally appeared until entry of the order denying the motion.[11] [Emphasis supplied.]
|flThe record reflects that the original California complaint was filed on 6 October 2000; I note that the complaint neither requested service against the defendants nor does the record contain any returns reflecting service of process. On 28 November 2000, Mr. Eldred requested that a default judgment be entered against Mr. Resnic. On or about 22 August 2001, Ms. Fleming filed the motion to quash; the record reflects that the motion was indeed filed and that a check in the amount of $50.00 was received. The motion was served on Mr. Eldred and his attorney by mail and further upon the attorney alone by facsimile transmission on 22 August 2001. According to the record, the motion to quash was never ruled upon by the California court. This precludes the entry of a default judgment against Ms. Fleming. Nonetheless, the motion for default judgment was heard by the trial court on 11 October 2001; the California judgment against both Ms. Fleming and Mr. Resnic was entered on 7 November 2001.[12]
I generally find no support in the record on appeal before us for the entirety of the following statements set forth in the majority opinion:
• “Ms. Fleming received no notice of the October 11, 2001 hearing date.”
• “Ms. Fleming received no service or notice of the default judgment, because notice was sent to an address in Louisiana that Mr. Eldred knew to be outdated.”
|in* “We note that Mr. Eldred did not offer any positive evidence that Ms. Fleming did authorize Mr. Resnic to offer the unit for rental, or authorize the rental of this particular unit to Mr. Eldred.”
• “First, this Court’s prior ruling in No.2008-C-0233 on this Court’s docket is the law of the case and precludes *445 our reconsideration of those issues on subsequent appeal .... [citation omitted.] The law of the case doctrine applies to decisions on writ applications as well as to judgments rendered on suspensive or devolutive appeals.”[13]
• “Second, the trial court’s finding, as matter of law, that the California court lacked in personam jurisdiction. over Ms. Fleming is clearly correct. The party seeking to invoke in personam jurisdiction, Mr. Eldred in this case, bears the burden of establishing the existence of such jurisdiction.”[14]
• “Alternatively, Mr. Eldred argues that Mr. Resnic acted in California as Ms. Fleming’s agent, making her amenable to specific in personam jurisdiction in that state. In order to establish such a basis for jurisdiction, Mr. Eldred is required to advance some evidence to support |nthe contention of agency that he claims in the pleadings. Absent such evidence, the action is subject to dismissal.”[15]
While the record on appeal would at first glance tend to reflect that the California judgment is null based upon the defects which appear on the face of the record, I find that the California record is incomplete, thereby creating genuine issues of material fact. Because Ms. Fleming filed the motion for summary judgment, it is her burden to show that no genuine issiie of material fact exists. Thus, I find that we are required to reverse the trial court, set aside the judgment, and remand the matter to the court below for further proceedings.
By my position, I do not mean to imply that I do not think that Ms. Fleming will ultimately prevail when the matter is tried. My position is that given the law respect *446 ing full faith and credit and our law on summary judgment, Ms. Fleming cannot prevail on her present motion for summary judgment. It would appear, although factual questions presently exist, that something irregular happened in a California court back in 2000-01.

. See and review carefully, La. C.C. arts. 2991, 2993, 2995, 2996, 3001, 3010, 3020, 3021, and 3022.

. It is unclear from the record on appeal how Ms. Abraham's actions gave Mr. Eldred a cause of action. It is unclear whether Ms. Abraham was Mr. Eldred’s agent.

. La. C.C. 1843. See also Footnote 1, supra.

. Ms. Fleming avers in her sworn affidavit, attached to the motion for summary judgment that she called the clerk of court in California and was told that the hearing on her motion to quash was set for hearing on 7 November 2001. Nothing in the record either confirms or disputes this statement and we specifically note that Mr. Eldred's opposition to the motion for summary judgment contains no affidavit refuting this assertion.

. I note the misspelling of “Nichols.”

. It appears that neither party can presently locate Mr. Resnic. Ergo, we do not know what his version of the facts is. For that matter, we do not know whether he testified at the hearing forming the basis for the California default judgment,

. See footnote 5 above.

. Franz v. Franz, 315 So.2d 79, 80-81 (La.App. 4th Cir. 1975).

. Id.

. La. C.E. art. 202(A).

. West’s Ann.Cal.C.C.P. § 1014 defines "an appearance” as an answers, demur, notice of motion to strike, notice of motion to transfer, motion for reclassification, written notice of appearance, or when an attorney gives notice of appearance for the defendant.

. I note that the California Rules of Professional Conduct, Rule 5-200(B) prohibits an attorney from seeking to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law. Both Mr. Eldred, an attorney, and his counsel, knew or should have known that Ms. Fleming had filed a motion to quash that should have been ruled upon before the default judgment was taken. However, without the entire California record, I cannot say whether they violated this rule.

.The denial of a writ application is only a decision not to exercise the court’s extraordinary powers of supervisory jurisdiction. Davis v. Jazz Casino Co, L.L.C, 03-0276, 03-122, p. 1 (La.6/6/03), 849 So.2d 497, 498; Tolis v. Board of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206, 1207; Sattar v. Aetna Life Ins. Co., 95-1108, pp. 3-4 (La.App. 4 Cir. 3/20/96), 671 So.2d 550, 552; Cotton v. Gaylord Container, 96-1958, 96-2029, 96-2049, p. 5 (La.App. 1 Cir. 3/27/97), 691 So.2d 760, 763-64. In Bulot v. Intracoastal Tubular Services, Inc., 02-1035 (La.6/14/02), 817 So.2d 1149, the Supreme Court held that once a court of appeal declines to exercise its supervisory jurisdiction by denying the writ, the court was without jurisdiction to affirm, reverse, or modify the judgment of the trial court. Thus, any language in the court of appeal's earlier writ denial purporting to find no error in the trial court’s certification ruling is without effect. Davis, p. 1, 849 So.2d at 498. Although an appellate court could be precluded from addressing an issue previously addressed by that appellate court under the law of the case doctrine, the doctrine is not an absolute bar to reconsideration being discretionary with the appellate court. Id.; Tolis, supra; Bulot, supra.

. In the absence of the entire record of the California proceedings, especially the absence of the hearing transcripts, I find no authority justifying this statement.

. Among other things, in the absence of the transcript of what occurred in court when Mr. Eldred obtained his California judgment, I find no evidence from anyone supporting or refuting the statement. Under the United States Constitution, we are required to give full faith and credit to a judgment of a sister state unless the foreign forum lacked jurisdiction over the litigants or over the subject matter involved in the controversy. U.S. Const, art. IV, § 1; Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943). A presumption exists that a judgment of a sister state is valid and rendered on appropriate evidence. Winston v. Millaud, 05-0338, p. 9 (La.App. 4 Cir. 4/12/06), 930 So.2d 144, 151, citing Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946)1; Holiday Hospitality Franchising Inc. v. Grant, p. 5 (La.App. 2 Cir. 5/8/02), 817 So.2d 449, 452. We have no hard evidence to show to the contrary.