COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Beales and Senior Judge Clements

LORI D. BURCHETTE

MEMORANDUM OPINION*

v.      Record No. 2334-13-1             PER CURIAM
                                         JUNE 3, 2014

ANTHONY CURTIS BURCHETTE

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

(Mary Elizabeth Davis; Davis Law Office, P.C., on brief), for
appellant.

(Robert F. Hagans, Jr., on brief), for appellee.

Lori D. Burchette (wife) appeals from a November 4, 2013 final decree awarding Anthony

Curtis Burchette (husband) a divorce *a vinculo matrimonii*.  On appeal, wife contends the trial court

erred (1) "in striking [her] Answer, as notice for the motion was purportedly served via mail based

on [wife's] failure to sign the Answer, and the notice was procedurally defective and actually not

received," (2) "in proceeding on this matter without a scheduling order, as is required by local rule

for the Circuit Court of Norfolk," (3) "in proceeding in the 2013 matter from a notice in the 2011

matter," (4) "in entering a divorce decree where facts were not corroborated by a witness," and

(5) "in entering a divorce in this matter without reserving support and equitable distribution."

Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties married in July 1990. Husband filed a complaint seeking a divorce on June 26, 2013. The complaint was properly served at wife's address. Wife filed an answer to summons on July 18, 2013, without counsel and without a signature. On August 26, 2013, husband, by counsel, filed a motion to strike the answer for want of wife's signature, as required by Rule 1:4(C). A copy of the motion was mailed to wife's home address. The trial court heard argument on the motion September 6, 2013 and granted the motion to strike wife's answer. The trial court allowed wife twenty-one days to file an amended answer. On November 4, 2013, the trial court heard argument on husband's complaint. The trial court granted husband a divorce *a vinculo matrimonii*. The court's order indicates wife was present and objected to the entry of the order. No reasons for her objection are stated on the order. On November 25, 2013, wife, by counsel, filed a motion to set aside the final decree. On December 4, 2013, wife filed her notice of appeal.

## ANALYSIS

### I.

Code § 20-99 provides that process in a suit for divorce may be served in any manner authorized by Code § 8.01-296. Here, the initial complaint was served on wife in compliance with Code § 8.01-296 by posting on the front door of wife's usual place of abode. Rule 1:12 permits papers after the initial process to be served on counsel of record by mail. Rule 1:5 provides that "'[c]ounsel of record' includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case."

Husband argues wife's filing of the unsigned answer to the summons acted as notification to the clerk that she was representing herself *pro se* and was therefore counsel of record. Wife contends that because the answer was unsigned, she had not made an appearance, was not counsel of record, and therefore was not properly served with the motion to strike the answer for lack of a

signature. However, by making a general appearance at the November 4, 2013 hearing, wife

waived any objection to the defect in the service.

> [I]f a writ issues irregularly or the service thereof is imperfect a
> party may appear specially and plead in abatement, but where he
> does neither and appears generally, then whatever may have been
> the defect in the process or the service is waived, for general
> appearance constitutes waiver of such defect.

Scott v. Scott, 142 Va. 31, 35-36, 128 S.E. 599, 600 (1925). See generally Ceyte v. Ceyte, 222 Va.

11, 14, 278 S.E.2d 791, 792 (1981) (any action taken by a litigant which recognizes the case as

before the court amounts to a general appearance unless such action's sole purpose is to contest

jurisdiction). Accordingly, wife has waived this issue.

## II.

Rule 1:18 allows a trial court to enter a pretrial scheduling order. Wife complains that no

scheduling order was entered in this matter. However, she points to no authority to support her

proposition that this was error. Here, the matter was proceeding uncontested as wife did not file an

amended answer to summons. Additionally, wife did not ask the court for a scheduling order or

object to the absence of such order. She asserts on appeal that she "was not legally sophisticated

enough to request the entry of the scheduling order when [husband's] counsel did not do so."

However, "[e]ven *pro se* litigants must comply with the rules of court." Francis v. Francis, 30

Va. App. 584, 591, 518 S.E.2d 842, 846 (1999). We find no error with the trial court's actions.

## III.

Wife claims her mailed notice of the November 4, 2013 hearing listed the case number from

a 2011 nonsuited case between the parties. She asserts she "was given inadequate notice to

safeguard her interests." However, the record does not include the notice wife claims was defective.

> We have many times pointed out that on appeal the
> judgment of the lower court is presumed to be correct and the
> burden is on the appellant to present to us a sufficient record from
> which we can determine whether the lower court has erred in the

respect complained of. If the appellant fails to do this, the
judgment will be affirmed.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (citing Justis v. Young, 202

Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

## IV. and V.

"When the appellant fails to ensure that the record contains transcripts or a written

statement of facts necessary to permit resolution of appellate issues, any assignments of error

affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

Here, a transcript or a written statement of facts complying with Rule 5A:8(c) is

indispensable to determining whether the trial court erred. See Anderson v. Commonwealth, 13

Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96,

99-100, 341 S.E.2d 400, 402 (1986). The record contains no transcripts or written statement of

facts of the court proceedings in this case.

Wife had the responsibility to provide a complete record to the appellate court. Twardy

v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). This Court "will not

search the record for errors in order to interpret the appellant's contention and correct

deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239

(1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for

ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366

S.E.2d 615, 625 n.7 (1988) (*en banc*). Because a transcript or written statement of facts is

indispensable to a determination of these assignments of error, we do not address them. Where a

party fails to file a transcript that is indispensable to the disposition of the appeal, the affected

issues are waived. See Shiembob v. Shiembob, 55 Va. App. 234, 246, 685 S.E.2d 192, 198-99

(2009).

Accordingly, for the foregoing reasons, we summarily affirm the trial court's decision.

<u>See</u> Rule 5A:27.

<u>Affirmed.</u>