566 So.2d 135 (1990)
Wayne KNIGHT
v.
SEARS, ROEBUCK & COMPANY.
No. 89 CA 0947.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
Rehearing Denied August 28, 1990.
Writ Denied November 30, 1990.
*136 Harry Pastuszek, Jr., Covington, for plaintiff-appellee.
Clarence F. Favret, III, New Orleans, for defendant-appellant.
Before COVINGTON, C.J., WATKINS, J., and DOHERTY, J. Pro Tem.[*]
WATKINS, Judge.
The Twenty-Second Judicial District Court, Parish of St. Tammany, has annulled a default judgment rendered in the Second Parish Court of Jefferson Parish (Second Parish Court) on September 11, 1987, and enjoined garnishment proceedings filed in the First Parish Court of Jefferson Parish (First Parish Court). The aggrieved judgment creditor, Sears, Roebuck & Co. (Sears)[1], has appealed, re-urging its exception of venue which the trial court overruled. The St. Tammany Parish Court held that the Second Parish Court judgment was null for failure of the plaintiff to comply with the requirements of LSA-C.C.P. arts. 1701 and 1702.1 in confirming a default in an open account case.
Sears filed suit in the Second Parish Court of Jefferson Parish on December 16, 1986, against Wayne and Betty Knight for monies due on open account. On May 15, 1987, personal service was effected on Wayne Knight, and on September 11, 1987, a default judgment was confirmed against him, pursuant to LSA-C.C.P. art. 1702, for the principal sum of $2,268.20, 1½% interest per month from date of judicial demand, until paid, 25% of the principal and interest as attorney's fees, and all costs of the proceeding. Thereafter, on March 31, 1988, a writ of fieri facias was issued for the amounts due; subsequently Sears filed garnishment proceedings against plaintiff in the First Parish Court of Jefferson Parish. On August 19, 1988, the plaintiff filed the instant suit in the Twenty-Second Judicial District Court, Parish of St. Tammany, seeking to annul the previously rendered default judgment in the Second Parish Court and to enjoin garnishment proceedings instituted by Sears in the First Parish Court. Sears filed an exception of venue alleging that a petition for nullity brought independently of a main demand of which the court has proper venue must be filed in the court which rendered the judgment. LSA-C.C.P. art. 2006. The trial court overruled Sears' exception of venue based on the distinction between relative nullities and absolute nullities, finding that "proceedings for absolutely null judgments are not subject to the venue requirements of the action of nullity." The court cited Brown v. Brown, 473 So.2d 851 (La.App. 1st Cir.1984); LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980); and Nethken v. Nethken, 307 So.2d 563 (La.1975).[2]
Sears appealed the trial court judgment alleging that the trial court erred in overruling its exception of venue and in granting summary judgment annulling the Second Parish Court default judgment. Because we find that the court erred in overruling Sears' exception of venue, we need not reach the merits of the summary judgment.
*137 An action of nullity is subject to the venue requirements of LSA-C.C.P. art. 2006, which provides:
Court where action brought
An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court.
The venue established in LSA-C. C.P. art. 2006 is nonwaivable. LSA-C.C.P. art. 44. However, the jurisprudence has developed an exception to the venue requirements of LSA-C.C.P. art. 2006 when a person collaterally attacks an absolutely null judgment.
The significance of the difference between absolute nullities, relative nullities, direct attacks, and collateral attacks is discussed in LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980), as follows:
A judgment is an absolute nullity when there exists a vice of form. LSA-C.C.P. Article 2002, supra and the Official Comment to that article. A person with interest may show such nullity in collateral proceedings at any time and before any court, for absolutely null judgments are not subject to the venue and the delay requirements of the action of nullity. Nethken v. Nethken, 307 So.2d 563 (La.1975); Tannehill v. Tannehill, 226 So.2d 185 (La.App. 3 Cir.1969), cert. denied 254 La. 930, 228 So.2d 485 (La.1969); Garnett v. Ancar, 203 So.2d 812 (La. App. 4 Cir.1967); Franz v. Franz, 315 So.2d 79 (La.App. 4 Cir.1975); American Bank & Trust Company v. Marbane Investments, Inc., 337 So.2d 1209 (La. App. 3 Cir.1976). A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. Nethken v. Nethken, supra.

On the other hand, "a final judgment obtained by fraud or ill practices may be annulled ...". LSA-C.C.P. Article 2004. Such a judgment is not an absolute nullity; the nullity must be properly decreed within the time prescribed. The established jurisprudence of this State requires that such grounds be asserted in a direct action and not raised collaterally. Nethken v. Nethken, supra; Pontchartrain Park Homes, Inc. v. Sewerage and Water Board of New Orleans, 246 La. 893, 168 So.2d 595 (La.1964). What is meant by a "direct action" is that the party praying for the nullity of a judgment must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits. LSA-C.C.P. Article 1201, 2001-2006; Nethken v. Nethken, supra; Garnett v. Ancar, supra. (Emphasis added.)
An extensive review of the pertinent jurisprudence reveals that the venue exception has been consistently applied only in suits where an absolutely null judgment is being attacked collaterally, that is in another proceeding on another cause of action. Nethken v. Nethken, 307 So.2d 563 (La.1975); Wood v. Wood, 440 So.2d 906 (La.App. 2d Cir.1983); Barron v. Oden, 345 So.2d 998 (La.App. 2d Cir.), writ denied, 349 So.2d 335 (La.1977); Garnet v. Ancar, 203 So.2d 812 (La.App. 4th Cir.1967). See also Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901). Therefore, the issue in the instant case is whether the jurisprudential exception to the venue requirements of LSA-C.C.P. art. 2006 may be applied to permit a direct attack upon an absolutely null judgment in a court other than the court of rendition. We do not believe that this venue exception should be expanded to excuse the venue requirements of LSA-C. C.P. art. 2006 when a party brings a direct action for the sole purpose of annulling an absolutely null judgment.[3]
We further find that although the plaintiff's action to annul was combined with a suit to enjoin garnishment proceedings, annullment of the default judgment was a predicate to success in the injunction suit. Consequently, the suit to enjoin does not change the nature of the plaintiff's suit to annul from a direct action to a collateral action.
*138 We find that a timely and appropriate exception of venue was filed by Sears and should have been sustained. The trial court erred in ruling on the merits and not sustaining the exception of venue.
For the reasons stated, we vacate the trial court judgment annulling the judgment of the Second Parish Court, Parish of Jefferson and staying the garnishment proceedings of the First Parish Court, Parish of Jefferson. We remand the suit to the district court for a determination of whether the suit should be dismissed or transferred to a proper venue pursuant to LSA-C. C.P. art. 121. Costs to await final disposition of the matter.
REVERSED AND REMANDED.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] The record reflects the defendant to be "Sears, Roebuck & Company," but pleadings indicate "Sears, Roebuck & Co."
[2] The cited jurisprudence, excepting absolutely null judgments from the venue requirements of the action for nullity, were cases involving collateral attacks upon previously rendered judgments, unlike the instant case which involves a direct attack.
[3] The exception apparently developed as a means of fostering judicial economy without subjecting a party to a court which did not have jurisdiction or venue over the main demand.