607 So.2d 716 (1992)
FIRST NATIONAL BANK OF JEFFERSON PARISH
v.
Stanley V. RALL.
No. 91-CA-2393.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
Stephen A. Fritch, New Orleans, for defendant-appellant.
Jules A. Fontana, Jr., New Orleans, for plaintiff-appellee.
Before SCHOTT, C.J., and KLEES and BYRNES, JJ.
*717 BYRNES, Judge.
Stanley V. Rall appeals a judgment denying his petition to annul judgment and for injunctive relief. We affirm.
On February 5, 1991 the First National Bank of Commerce of Jefferson Parish obtained a judgment by default in the First Parish Court for the Parish of Jefferson against Stanley V. Rall in the amount of $4,337.38 with interest based upon a promissory note.
On June 3, 1991 the Bank filed a petition to make the judgment executory and for garnishment in the First City Court for the City of New Orleans. In that proceeding, Stanley Rall filed a petition to annul the Jefferson Parish judgment and for injunctive relief. The trial court rendered judgment against Mr. Rall without written reasons. After his motion for a new trial was denied, he filed this suspensive appeal.
Stanley Rall argues that the original judgment rendered in Jefferson Parish should be annulled because the original petition was never properly served. Mr. Rall contends that domiciliary service upon his 11 year old stepson, Jeffery Roach, (or any eleven year old) is defective per se.
Mr. Rall further argues that pursuant to LSA-C.C.P. Art. 2002(2) that this service defect renders the judgment of the First Parish Court for the Parish of Jefferson absolutely null, which nullity he may assert collaterally, and at any time, as he did in the First City Court for the City of New Orleans garnishment proceedings.
LSA-C.C.P. Art. 2002(2) provides that among those judgments which may be annulled are those rendered "against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken."
Comment (e) of the Official Revision Comments to LSA-C.C.P. Art. 2002 states that "it adopts the jurisprudence to the effect that an action of nullity based on any of the grounds enumerated may be raised collaterally and at any time" and cites numerous cases. We agree with this comment, and the cases cited therein. See also Le Glue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3rd Cir.1980); Knight v. Sears, Roebuck & Co., 566 So.2d 135 (La. App. 1st Cir.1990), writ denied 571 So.2d 628 (La.1990).
Appellee, the First National Bank, cited the Knight case in support of its contention that Mr. Rall could only bring his action to annul the judgment in Jefferson Parish where the judgment was rendered. The Knight case does hold that a direct action in nullity under LSA-C.C.P. Art. 2004 must be brought in the court where the judgment was rendered. But the Knight case also states that where the issue is the absolute nullity of the judgment pursuant to LSA-C.C. Art. 2002 as Mr. Rall contends, then the issue may be raised "at any time and before any court."
LSA-C.C.P. Art. 1234 provides that:
Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment.
Prior to 1960, service was not valid on anyone under the age of 16. See former Louisiana Code of Practice Article 186(9). The changes in the statute replaced the age limitation with a case by case review when service was attacked on the basis of serving a minor child. We, therefore, agree with Mr. Rall's contention that the question of whether any child under 12 years of age could "be considered a person of suitable age and discretion" upon whom service could be made raises the issue of the absolute nullity of the judgment of the First Parish Court for the Parish of Jefferson. It follows that Mr. Rall had the right to collaterally attack that judgment in the garnishment proceedings in First City Court for the City of New Orleans, and the judge of that court had the proper jurisdictional authority to adjudicate the matter as he did.
In Nationwide Acceptance Company v. Alexis, 201 So.2d 21, 23 (La.App. 4th Cir.1967), the court held that "a child under *718 6 years of age could hardly be considered a person of suitable age and discretion for such an important procedural aspect as this.... Surely it was not the intention of the redactors, by the wording of LSA-C.C.P. Art. 1234, to make possible the service of process upon a 5-year-old child. Therefore, the defendants were not served with process as required by law." The court held that a default judgment based on such service was an absolute nullity pursuant to LSA-C.C.P. Art. 2002(2).
If all children under 6 years of age are automatically incompetent to accept service, is the same thing necessarily true for all children under 12? In Sears, Roebuck & Co. v. Callaway, 139 So.2d 86 (La.App. 4th Cir.1962) cited by Mr. Rall, service upon a 14-year-old girl was deemed to be reasonable and valid.
As pointed out by the appellee, First National Bank of Jefferson Parish, there is a dearth of cases in Louisiana dealing with this issue. None in fact, address the issue of service upon children over 6, but under 14 years of age, the limits encompassed by the Nationwide Acceptance case and the Sears case respectively.
However, there are cases from other jurisdictions concerning the efficacy of domiciliary service using the identical standard that the person be of "suitable age and discretion." For example, in Trammel v. National Bank of Georgia, 159 Ga.App. 850, 285 S.E.2d 590 (Ga.App.1981), the court upheld service on a 12-year-old, saying:
The only evidence that the appellant submits in support of his contention that the daughter of appellants was not of suitable age and discretion is that she is twelve years old. We refuse to hold as a matter of law that a twelve year old is not `a person of suitable age and discretion.' This is a factual matter and the presumption of valid service stands unless rebutted by the party which moves to set aside the service.... We find evidence of service of process on a 12-year-old individual residing in the defendant's residence, without more, does not reflect insufficient process.
We are not prepared to hold that as a matter of law that the 12-year-old children of Louisiana are endowed with less discretion than their peers in Georgia. Furthermore, we hold that whether an 11-year-old child is of "suitable age and discretion" to accept service is a matter which the trier of fact is competent to decide, as long as such decision is not manifestly unreasonable.
The Judge of the First City Court heard the testimony of the Jefferson Parish Sheriff's Deputy who made the service on Mr. Rall's eleven year old stepson. The deputy testified that although he understandably had no precise memory of the details of this particular service, he did have standard procedures when making service upon a minor, including questions designed to ascertain whether or not the individual was of suitable age and understanding before he made service. The Judge of First City Court could best judge the credibility of this testimony and it was reasonable for him to conclude that the Sheriff's Deputy followed proper procedures in making the service. In the absence of manifest error we defer to the trier of fact. Virgil v. American Guaranty and Liability Ins. Co., 507 So.2d 825 (La.1987).
The trial judge also had the benefit of the testimony of the 11-year-old boy upon whom service was made. The boy appeared to understand the matter at hand and he appeared to be a good student and possess reasonable understanding of the importance of the service, although he did not remember receiving the service. The judge below was in the best position to judge the maturity and keenness of the boy's intellect and his level of responsibility. He was reasonable in determining that the boy was of suitable age and discretion to accept service on behalf of Mr. Rall. In the absence of manifest error, we again defer to the trial judge. Virgil v. American Guaranty and Liability Ins. Co., supra.
Without citing any authority, Mr. Rall complains that the service is defective because the Sheriff's Deputy did not write up the details in his written return explaining that the boy was a minor and describing *719 what steps he took to determine that the boy was of suitable age and discretion. Mr. Rall also complained that identifying his step-son in the return only as Mr. Roach is also inadequate.
In Juhl v. Rose, 366 N.W.2d 706 (Minn.App.1985) the defendant contended that the return was defective as it did not state it was served on "a person of suitable age and discretion residing in the residence." The court held that this could be established by other evidence. "`It is the service of process and not the proof thereof that confers jurisdiction upon a court. Thus it has often happened that proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.'"
There is nothing in LSA-C.C.P. Art. 324 or LSA-C.C.P. Art. 1292 requiring specific recitations in the return regarding age. Moreover, to require every return to recite that it was made upon a person of "suitable age and discretion" would be meaningless. It is more reasonable to assume a rebuttable presumption to that effect. We hold that the return supported by the testimony of the process server was adequate.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.