705 So.2d 1233 (1998)
Patricia E. CORCORAN, Dative Tutrix of Rhiannon Vath, on Behalf of Rhiannon Vath
v.
Wendell H. GAUTHIER, Scott LaBarre, William C. Harrison, Jr., Gauthier, Murphy, Sherman, McCabe, and Chehardy, A Partnership, Gauthier & Murphy, Javier N. Alonzo, Paretti Pontiac Company, Inc., United States Fidelity & Guaranty Company, Interstate Fire and Casualty Company, Robert Brockhaus, Allstate Insurance Company, and Principal Casualty Insurance Company.
No. 97-CA-0516.
Court of Appeal of Louisiana, Fourth Circuit.
January 7, 1998.
Caleb H. Didriksen, Diane Ried Cosenza, Didriksen & Carbo, New Orleans, for Plaintiff/Appellant, Patricia E. Corcoran, Dative Tutrix of Rhiannon Vath.
Michael E. Wanek, Hulse & Wanek, New Orleans, for Defendants/Appellees, Wendell H. Gauthier, Scott LaBarre William C. Harrison, Jr., Gauthier, Murphy, Sherman, *1234 McCabe and Chehardy, A Partnership, and Gauthier & Murphy.
Christopher E. Lawler, Kenneth W. Andrieu, Donovan & Lawler, Metairie, for Defendants/Appellees, Paretti Pontiac Company, Inc. and United States Fidelity and Guaranty Company.
Kevin O'Bryon, Dean M. Arruebarrena, Leake & Andersson, New Orleans, for Defendant/Appellee, Interstate Fire & Casualty Company.
Christopher E. Lozes, Jeffery Paul Lozes, Lozes & Cambre, New Orleans, for Defendant/Appellee, Allstate Insurance Company.
Virgil A. Lacy, III, Robert E. Williams, IV, Blue Williams, Metairie, for Defendants/Appellees, Atlanta Specialty Insurance Company, As Successor-In-Interest to, and Principal Casualty Insurance Company.
Before BYRNES, ARMSTRONG and LANDRIEU, JJ.
ARMSTRONG, Judge.
Venue is the only issue in this appeal. The plaintiff filed suit in the Civil District Court for the Parish of Orleans alleging certain issues related to the settlement, many years before, of a wrongful death action in the Twenty-Fourth Judicial District Court (Jefferson Parish). The parties sued in the present case can be divided into two groups: the defendants in the prior wrongful death action who had settled in that action ("the settling defendants"); and the attorneys for the plaintiffs in the prior wrongful death action ("the attorneys"). The trial court held that venue is not proper in Orleans Parish as to the settling defendants, and transferred the claims against them to Jefferson Parish, but held that venue is proper in Orleans Parish as to the attorneys. The plaintiff in the present case appeals the trial court's judgment ordering the transfer to Jefferson Parish of the claims against the settling defendants. We affirm.[1]
In 1986, Thomas Vath was driving on the Lake Pontchartrain Causeway when he stopped the vehicle he was driving and got out. He was struck and killed by a vehicle being driven by Javier Alonzo. Mr. Alonzo was an employee of Paretti Pontiac Company, Inc. which was insured by United States Fidelity and Guaranty ("USF & G"). Apparently, Interstate Fire and Casualty Conspiracy was Paretti's excess insurer. Robert Brockhaus owned the vehicle being driven by Thomas Vath and Mr. Brockhaus was insured by Allstate Insurance Company. The Principal Casualty Insurance Company was the uninsured/underinsured motorist insurer of Thomas Vath.[2]
Attorneys Wendell Gauthier and William G. Harrison, Jr. represented Thomas Vath's widow, Pamela Vath, and his minor daughter, Rhiannon Vath, in a wrongful death action against Alonzo, Paretti and USF & G. Mr. Gauthier and Mr. Harrison obtained a settlement for Pamela Vath and Rhiannon Vath with Alonzo, Paretti and USF & G. Pursuant to that settlement, $300,000 was to be paid for settlement of Rhiannon Vath's claim and another amount was to be paid to settle Pamela Vath's claim. A judgment was signed by the 24th JDC on December 31, 1986 which recognized Pamela Vath as the administratrix of the estate and property of Rhiannon Vath, approved the recommendation of Pamela Vath as to Rhiannon Vath's settlement, and authorized the settlement of Rhiannon Vath's claim against Alonzo, Paretti and USF & G. Of particular importance to the present appeal, the judgment recited that Alonzo, Paretti and USF & G were to make a "payment of the sum of $300,000 to the said Pamela H. Vath administratrix for and on behalf of and for the use and benefit of the said minor, Rhiannon Vath."
*1235 Later, Scott LaBarre, of the same law firm as Mr. Gauthier and Mr. Harrison, obtained a settlement for Pamela Vath and Rhiannon Vath with Interstate, Mr. Brockhaus, Allstate and Principal. That settlement provided for a payment of $11,000 in settlement of Rhiannon Vath's claim and, apparently, another amount for the settlement of Pamela Vath's claim. A judgment was signed by the 24th JDC on June 22, 1992 which approved the settlement as to Rhiannon Vath. Of particular importance to the present appeal, the judgment stated that "Pamela Vath is now authorized and empowered and directed to receive and accept from the Interstate Fire and Casualty Company, Robert Brockhaus, Allstate Insurance Company and Principal Casualty Insurance Company, the sum of eleven thousand dollars and no/100 ($11,000.00) dollars to Rhiannon Vath, in full settlement of all claims the said minor child now have [sic] or may have hereafter having resulted from or however arising out of the accident which occurred on or about August 29, 1986 on the Lake Pontchartrain Causeway Bridge."
The settlement funds, including the $311,000 paid for settlement of Rhiannon Vath's claim, were paid to Pamela Vath. According to the allegations in the present case, Pamela Vath became addicted to cocaine and spent not only her own settlement money, but also all or much of Rhiannon Vath's settlement money, on cocaine and other expenditures which did not benefit Rhiannon Vath.
More recently, Rhiannon Vath's grandmother, Patricia Corcoran, was appointed dative tutrix of Rhiannon Vath. Ms. Corcoran brought the present case against the defendants who settled with Rhiannon Vath in the previous wrongful death action, i.e., Mr. Alonzo, Paretti, USF & G, Interstate, Mr. Brockhaus, Allstate and Principal ("the settling defendants") and against the attorneys who represented Rhiannon Vath as to those settlements, i.e., Mr. Gauthier, Mr. Harrison and Mr. LaBarre ("the attorneys"). Ms. Corcoran's claim against the settling defendants is that Pamela Vath was not properly appointed to receive the settlement money that was paid for settlement of Rhiannon Vath's claim and that, therefore, the settling defendants still owe Rhiannon Vath the money that they were to pay for settlement of Rhiannon Vath's claim. In connection with that claim, Ms. Corcoran seeks to have annulled the two judgments in the wrongful death action which approved the settlements and settlement payments. The exact nature of Ms. Corcoran's claim against the attorneys is not relevant to this appeal so we do not decide whether that claim is for negligence, breach of contract or otherwise.
Ms. Corcoran filed the present case in Orleans Parish. All of the defendants, except Mr. Alonzo and Mr. Brockhaus, filed exceptions of improper venue. The trial court maintained the venue exceptions of the settling defendants and ordered that Ms. Corcoran's claim against them (except Mr. Alonzo and Mr. Brockhaus) be transferred to Jefferson Parish (the 24th JDC). The trial court overruled the attorneys' exceptions of venue. Ms. Corcoran brought the present appeal challenging the trial court's transfer to Jefferson Parish of her claim against the settling defendants. There has been no other appeal of the trial court's judgment.
The sole ground asserted by Ms. Corcoran for venue in Orleans Parish is the fact that Mr. LaBarre is domiciled in Orleans Parish and, therefore, subject to suit in Orleans Parish. La.Code Civ. Proc. art. 42. Ms. Corcoran argues that the settling defendants are liable in solido with Mr. LaBarre and, therefore, also subject to suit in Orleans Parish. La.Code Civ. Proc. art. 73.
However, Article 42 venue is subject to exceptions "otherwise provided by law," La. Code Civ. Proc. art. 43. We believe that Ms. Corcoran's claim against the settling defendants is subject to the exclusive venue rules for actions to annul judgments because the crux of Ms. Corcoran's claim against the settling defendants necessarily is her allegation that the two judgments in the wrongful death action, which judgments approved the settlements and the settlement payments, should be annulled. As quoted above, those judgments specifically contemplated that the settling defendants would pay to Pamela Vath the money that was to be paid by them for settlement of Rhiannon Vath's claim.
*1236 Ms. Corcoran's claim against the settling defendants is that they paid to Pamela Vath the money that was to be paid by them for the settlement of Rhiannon Vath's claim. Thus, because Ms. Corcoran is suing the settling defendants for making their settlement payments exactly as contemplated by the judgments in the wrongful death action, unless those judgments are annulled, the settling defendants will have a defense based upon res judicata or otherwise. Put another way, unless the judgments in the wrongful death case are annulled, we cannot see how Ms. Corcoran can recover against the settling defendants.
The only proper venue for Ms. Corcoran's claim to annul the judgments in the wrongful death action is the court where those judgments were rendered, i.e., Jefferson Parish (24th JDC). "An action to annul a judgment must be brought in the trial court ..." La.Code Civ. Proc. art.2006. The just quoted language of Article 2006 has been interpreted as setting venue for an action to annul a judgment exclusively in the court which rendered the judgment to be annulled. "The venue of an action of nullity of judgment is exclusively the parish of the court which rendered the judgment." Smith v. Baton Rouge Bank & Trust Co., 286 So.2d 394 (La.App. 4th Cir.1973). See also Piper v. Olinde Hardware & Supply Co., Inc., 288 So.2d 626 (La.1974).
Ms. Corcoran argues that the present case is based upon her allegation that the judgments in the wrongful death action are absolute nullities as opposed to relative nullities and, therefore, those judgments may be "collaterally attacked" in any court. We agree that the proper legal theory for Ms. Corcoran to pursue in her attempt to annul the judgments is that those judgments are absolute, as opposed to relative, nullities. See La.Code Civ. Proc. art.2002(1); Knight v. Sears Roebuck & Co., 566 So.2d 135, 137 (La.App. 1st Cir.), writ denied, 571 So.2d 628 (La.1990); Mouton v. Vallot, 415 So.2d 652, 655 (La.App. 3rd Cir.1982). We also agree that an absolutely null judgment may be "collaterally attacked" in any court. See Franz v. Franz, 315 So.2d 79, 80-81 (La.App. 4th Cir.1975); Knight, supra; Mouton, supra.
However, Ms. Corcoran's present suit is not a "collateral attack" upon the judgments in the wrongful death action but is, instead, a direct attempt to nullify those judgments. A "collateral attack" on an absolutely null judgment arises incidently in the course of a proceeding having some other primary object. "A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it." Knight, 566 So.2d at 137 (citing Nethken v. Nethken, 307 So.2d 563 (La.1975)). Accord Mouton, 415 So.2d at 655. We understand that annulling the judgment in the wrongful death action is not the sole or ultimate object of Ms. Corcoran's suit against the settling defendantsif she is successful in annulling the judgments, she wants the settling defendants to pay the settlement amounts again.[3] However, the general rule is that venue for an action to annul a judgment is exclusively in the court which rendered the judgment. As a matter of convenience and judicial economy, an exception to the general rule was created so as to allow collateral attacks upon absolutely null judgments in actions brought on other causes of action in other courts. See Knight, 566 So.2d at 137 n. 3. Were we to apply the venue exception to cases, such as the present one, in which a central aspect of the claim is annulment of a judgment in a different court, the exception would swallow up the rule. Cases like the present one, in which annulment of a judgment is wholly or largely the crux of the case, should be brought in the court which rendered the judgment to be annulled. This was articulated in the Knight case:
An extensive review of the pertinent jurisprudence reveals that the venue exception has been consistently applied only in suits where an absolutely null judgment is being attacked collaterally, that is in another proceeding on another cause of action. Nethken v. Nethken, 307 So.2d 563 (La.1975); Wood v. Wood, 440 So.2d 906 (La.App. 2d Cir.1983); Barron v. Oden, *1237 345 So.2d 998 (La.App. 2d Cir.), writ denied, 349 So.2d 335 (La.1977); Garnett v. Ancar, 203 So.2d 812 (La.App. 4th Cir. 1967). See also Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901). Therefore, the issue in the instant case is whether the jurisprudential exception to the venue requirements of LSA-C.C.P. art.2006 may be applied to permit a direct attach upon an absolutely null judgment in a court other than the court of rendition. We do not believe that this venue exception should be expanded to excuse the venue requirements of LSA-C.C.P. art.2006 when a party brings a direct action for the sole purpose of annulling an absolutely null judgment.n3
n3 The exception apparently developed as a means of fostering judicial economy without subjecting a party to a court which did not have jurisdiction or venue over the main demand.
We further find that although the plaintiff's action to annul was combined with a suit to enjoin garnishment proceedings, annulment of the default judgment was a predicate to success in the injunction suit. Consequently, the suit to enjoin does not change the nature of the plaintiff's suit to annul from a direct action to a collateral action.
566 So.2d at 137.[4]
Thus, Ms. Corcoran's claims against the settling defendants (except Mr. Alonzo and Mr. Brockhaus, who did not file exceptions to venue), should be pursued in Jefferson Parish (24th JDC). Consequently, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] There has been no appeal of the trial court's judgment insofar as it allowed this case to proceed in Orleans Parish against the attorneys. Thus, we do not address venue as to the attorneys.
[2] Principal actually is replaced in this case by Atlanta Specialty Insurance Company which, through a purchase of certain assets, is the successor-in-interest to Principal as to the claims in this case. However, to avoid confusion, we will refer to "Principal" in this opinion as that is the name used in the briefs and the judgments in the wrongful death action.
[3] We reiterate that the only issue decided in the present case is venue, not the merits.
[4] Ms. Corcoran argues that a preliminary default was taken against Principal and, therefore, venue was waived by Principal. However, Article 2006 venue may not be waived. La.Code Civ. Proc. art. 44; Piper v. Olinde Hardware & Supply Co., Inc., 288 So.2d 626, 629 (La. 1974).