| sDALEY, J.
This appeal arises out of two separate settlements entered into by Pamela Vath on behalf of her minor child, Rhiannon Vath, in connection with the death of Rhiannon’s father. After these settlements were completed and satisfied, Patricia Corcoran, Rhiannon’s paternal grandmother, was appointed dative tutrix of Rhiannon, and has filed suit against the settling tortfeasors attacking the validity of the settlements. The trial court dismissed all of plaintiffs’ claims and this appeal followed. For reasons assigned, we affirm the judgment of the trial court.

FACTS:

On August 29, 1986, Thomas Vath was driving a car owned by Robert Brockhaus, when he was involved in a collision that resulted in his death. He was survived by his wife Pamela Vath, and their daughter Rhiannon Vath. The accident was caused by the fault of Javier Alonzo, who was working in the course and scope of his employment with Paretti Pontiac (Paretti).
LPamela Vath filed suit individually and on behalf of her minor daughter, Rhiannon, against Paretti Pontiac as well as their primary insurer, United States Fidelity & Guaranty Company, (USF & G), and their excess insurer, Interstate Fire & Casualty Company, (Interstate). The plaintiffs also filed suit against Mr. Brockhaus *710 and his insurer, Allstate, as well as Thomas Vath’s own uninsured motorist carrier, Principal Casualty.[1]
In December 1986, Ms. Vath agreed to settle her claims, as well as those of her daughter, with Mr. Alonzo, Paretti and USF & G. Ms. Vath settled her claim for the amount of $550,000.00. Ms. Vath petitioned for and received judicial authority to settle the claims of her minor daughter, Rhiannon, for the amount of $300,000.00 and Mr. Alonzo, Paretti and USF & G were dismissed from the law suit.
In 1992, Ms. Vath reached a settlement agreement with the remaining defendants, Mr. Brockhaus, Allstate, Interstate and Principal Casualty. Ms. Vath petitioned for and received judicial approval to settle Rhiannon’s claims against Mr. Brockhaus, Allstate, Interstate, and Principal Casualty for $11,000.00. These remaining defendants were then dismissed from the lawsuit.
In 1996, Ms. Corcoran was appointed dative tutrix of Rhiannon. She claimed Pamela Vath had various drug addictions and was misusing the funds received by Rhiannon in connection with her father’s death. Ms. Corcoran then filed suit in Civil District Court for the Parish of Orleans against the attorneys who represented Pamela and Rhiannon Vath and all defendants of the original tort suit, alleging that Pamela Vath was not properly qualified by the court to enter into the aforementioned settlement agreements, or to receive the settlement funds for the minor, Rhiannon. All defendants responded with exceptions to venue. The Civil District Court sustained the 1 .^exceptions to venue as to the original defendants in the tort suit, and ordered that portion of the suit be transferred to the 24th Judicial District Court, the Court which approved the original settlements. The exceptions to venue filed on behalf of the Vath attorneys were denied. This ruling was affirmed by the Fourth Circuit Court of Appeals[2], and writs to the Louisiana Supreme Court were denied.[3]
Pursuant to the Supreme Court’s denial of writs, this case was transferred to the 24th Judicial District Court. Paretti and USF & G filed a Motion to Enforce the Minor’s Settlement or alternatively to Nullify the Judgment Approving the Minor’s Settlement. Mr. Brockhaus, Allstate, and Principal filed Motions for Summary Judgment. Interstate and Allstate filed Motions to Enforce Settlement Agreement. The plaintiffs filed a Motion for Partial Summary Judgment as to liability, and in the alternative for absolute nullity. The trial court denied the plaintiffs’ motion, granted the motion to enforce settlement filed by Interstate and Allstate, and granted the summary judgment filed by Mr. Brockhaus, Interstate, Allstate, and Principal, and granted the motion to enforce minor settlement filed by Paretti and USF & G. Plaintiffs have appealed this judgment.

DISCUSSION:

On appeal, the appellants argue that “when the settling defendants paid the $311,000.00 to Pamela Vath, they paid it to a person who was not authorized by law to receive it.” They further argue “as a result, the settling defendants have never paid Rhiannon and she is entitled to recover against them [the settling defendants] for breach of contract.” The crux of appellants’ argument is that Pamela Vath was never | ^appointed to be her daughter, Rhiannon’s, tutrix, nor did she qualify to be Rhiannon’s tutrix in accordance with law, thus, she had no right to receive funds on behalf of Rhiannon.
Louisiana Civil Code article 250 provides that “upon the death of either parent, the tutorship of minor children belongs of *711 right to the other.” The article defines this type of tutorship as “tutorship by nature.” Thus, upon the death of Mr. Vath, Pamela Vath became the natural tutor of Rhiannon. Article 4061 of the Code of Civil Procedure further provides:
Before a natural tutor enters upon the performance of his official duties, he must take an oath to discharge faithfully the duties of his office, cause and inventory to be taken or a detailed descriptive list to be prepared, and cause a legal mortgage in favor of the minor to be inscribed, or furnish security, in the manner provided by law.
There is no dispute that in this case, Pamela Vath was never appointed by the court to serve as the tutrix of Rhiannon, nor has she complied with any of the requirements of article 4061. Although she was never duly appointed, there is no indication that she would have been disqualified as tutrix at the time of the settlements. The Courts have upheld the acts of natural tutors acting on behalf of minors prior to meeting the legal formalities. In Succession of LeRuth, 569 So.2d 555, (La.App. 5th Cir.1990), this Court held absent a disqualification, the mother as the surviving parent is the natural tutrix of her minor children and is entitled to be confirmed and qualified as a matter of right. This Court affirmed the mother’s appointment of tutrix although she had not complied with the requirements of C.C.P. article 4061. In Southern Shipbuilding Corporation v. Richardson, 372 So.2d 1188, (La.1979), our Supreme Court upheld a contract entered into by the mother, who was the natural tutrix of her children, prior to the mother’s compliance with the requirements of article 4061. The court went on to state: “Even the parent who refuses |7to accept the tutorship of minor children is bound to fulfill the duties of the tutor until a tutor has been appointed.” The court further held that the mother’s “obligation to conserve the minor’s estate should surely prevail over the technical requirements of the Code of Civil Procedure.”
In the case before us, although Ms. Vath was never formally appointed as tutrix, there is no indication that she would have been disqualified from being tutrix, or that she would have refused to accept the appointment of tutorship. As the natural tutor of Rhiannon, Ms. Vath had a duty to protect her daughter’s rights. On the advice of her attorney, she entered into two settlement agreements with the defendants. Based upon the jurisprudence cited above, we find the trial court correctly upheld these settlement agreements.
The law is clear the a tutor may compromise an action on behalf of a minor and that a minor’s rights may not be relinquished in the absence of specific authorization from a court of competent jurisdiction; any settlement entered into without court approval is of no legal effect. Johnson v. Ford Motor Co., 707 F.2d 189, (5th Cir.1983).
In the present case, there was prior court approval for both settlements. The 1986 judgment approving the settlement on behalf of Rhiannon states:
It is ordered, adjudged and decreed that petitioner, Pamela H. Vath, be and she is hereby recognized as the administra-trix of the estate and property of her minor child, Rhiannon Vath, pursuant to the terms of Article 4502 of the Louisiana Code of Civil Procedure...
It is ordered, adjudged and decreed that the petitioner, Pamela H. Vath, mother of the minor, Rhiannon Vath, and ad-ministratrix of the said minor’s estate and property, duly aided and assisted by Patricia Corcoran, under-tutrix ad hoc, be and the same are hereby authorized, instructed and empowered to enter into, make and consummate the proposed compromise and settlement ...
IsLikewise, in 1992, Ms. Vath petitioned the court as the “administratrix of the estate of the property of Rhiannon” and a *712 judgment was signed stating Ms. Vath “is now authorized and empowered and directed to receive and accept ... full settlement of all claims the said minor child.”
We see no reason why these judgments entered by a court of competent jurisdiction should be declared null and void, especially in light of the fact that Ms. Corcoran was appointed under-tutrix ad hoc in both of the settlements. She was fully aware that the money was being paid to Pamela Vath on behalf of Rhiannon Vath. As under-tutrix, she had a duty to petition the court for protection of the funds if they were being misused by Ms. Vath.
For the foregoing reasons, we find the trial court properly granted the defendant’s motion to enforce the settlement agreements. While we do not agree with the trial court’s granting of defendants’ Motion for Summary Judgment based on the funds remaining in the minor’s account, the finding that the settlement agreements and subsequent judgments are valid makes discussion of the granting of defendants’ Motion for Summary Judgment unnecessary.

AFFIRMED.

.Subsequent to the 1992 settlement, Atalanta Specialty Insurance Company succeeded to the interest of Principal Casualty Insurance Company.

. Corcoran v. Gauthier, 97-0516 (La.App. 4th Cir. 1/7/98), 705 So.2d 1233.

. Corcoran v. Gauthier, 98-0342 (La.3/27/98), 716 So.2d 888.