812 So.2d 874 (2002)
Neilly HAYES
v.
Lynell TAYLOR, et ux., and Edward Anderson.
No. 01-1430.
Court of Appeal of Louisiana, Third Circuit.
March 27, 2002.
*875 James Thompson Lee, Attorney at Law, Bunkie, LA, for Plaintiff/Appellee: Neilly Hayes.
Dan B. McKay, Jr., Attorney at Law, Bunkie, LA, for Defendant/Appellant: Edward Anderson.
Lynell Taylor, Alexandria, LA, Pro Se.
Court composed of JOHN D. SAUNDERS, JIMMIE C. PETERS, and MICHAEL G. SULLIVAN, Judges.
SAUNDERS, Judge.
In this case, Edward Anderson, the Defendant, appeals a default judgment which was rendered against him on an open account. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL BACKGROUND
The record reflects that Lynell Taylor and Edward Anderson contacted Neilly Hayes, the Plaintiff, on December 1, 2000, to make roof repairs on an old building. Hayes performed the work which consisted of replacing rotten lumber and plywood and the base sheeting, and the work was completed on December 19, 2000. The total cost of the project was,$4,950.00, and Hayes billed the Defendants who did not pay. Then, on April 23, 2001, Hayes' attorney sent written demand letters to the Defendants, requesting payment within ten days to avoid court proceedings. Although *876 Anderson received the letter, he did not comply with the Plaintiffs request for payment. As a result, Hayes filed suit against Anderson on May 25, 2001, on an open account for the amount of the bill together with judicial interest, reasonable attorney fees, and court costs.
The record reflects that Anderson received domiciliary service on May 31, 2001. A preliminary default was entered on June 20, 2001. When Anderson failed to answer, a default judgment was rendered against him for the full amount of $4,950.00 together with interest, attorney fees in the amount of $1,000.00, and all court costs. Anderson was served personally with the judgment on July 6, 2001.
Thereafter, Anderson retained counsel and filed a "Motion for New Trial" based on improper service of process. A hearing was conducted on the motion on July 23, 2001, at which Anderson testified. After hearing the testimony, the trial judge rendered a formal judgment denying Anderson's motion on July 26, 2001. As a result, Anderson filed this appeal.

LAW AND ANALYSIS

STANDARD OF REVIEW
In the instant case, we must determine whether the record contains sufficient, competent evidence to prove a prima facie case. See Thibodeaux v. Burton, 538 So.2d 1001 (La.1989). Upon review, there is a general policy consideration which weighs in the defendant's favor that every litigant is entitled to his day in court. Pickett v. Marchand, 544 So.2d 683 (La.App. 3 Cir.1989). This is balanced by the presumption that the default judgment is supported by the evidence. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993). However, the presumption does not attach when the record does not support the judgment. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (La.1972).

ASSIGNMENTS OF ERROR
On appeal, the Defendant asserts the following assignments of error:
(1) The trial court erred in awarding judgment in this matter based on insufficient service of process.
(2) The trial court erred in confirming the default judgment based on insufficient proof in support thereof, and specifically in rendering judgment as in a suit on "open account" where in fact this is not based on an open account.
(3) The trial court erred in awarding attorney fees.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the Defendant argues that the trial court erred in awarding a judgment in this matter because service was not proper. He alleges that the record does not contain a sheriffs return or other evidence of service of process. In addition, he argues that there is no evidence which shows that the service address was Mr. Anderson's domicile or that his grandson was "a person of suitable age and discretion" as required by the Code of Civil Procedure.
First, we must determine whether the record contains sufficient proof of service. Louisiana Code of Civil Procedure Article 1292 provides in pertinent part:
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct.
*877 The Defendant argues that this service return is not in the record. However, upon review, we find that the return has been made part of the record. Apparently, the sheriff failed to return his endorsed copy of the service return to the clerk of court as required by law, or the return was misplaced. As a result, the Plaintiff filed a motion to supplement the record with the service return. The motion was granted by the trial court, and the service return became part of the record. The return became prima facie proof of service. Louisiana law provides that the service return of the officer is accorded great weight, and the party attacking the service must prove by clear and convincing evidence that the service was not proper. Billiot Bros., Inc. v. Bercier, 447 So.2d 1090 (La.App. 1 Cir.1983). Hence, Anderson has the burden of proving that service is not proper.
For domiciliary service to be effectuated, the serving agent must leave the citation or other process at "the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La.Code Civ.P. art. 1234. Upon review of the record, the service return indicates that Anderson was served domiciliary at "216 N. Holly Street, Bunkie, LA," on May 31, 2001. In addition, the citation reads that it was "served to Orlando Anderson[,] grandson[,] a person apparently above the age of sixteen years residing at the said domicile as a member, at the time of said service, of the said defendant was absent." It was signed by the deputy sheriff.
Although Anderson contends that the address on the citation was not his domicile, he does not produce any evidence of a different domicile. In fact, his testimony at the July hearing suggests that it is his domicile. While testifying, he acknowledged that Orlando Anderson did live with him. According to the service return in the record, this is the same person who claimed to be a resident and accepted service at the Holly Street address. Thus, it may logically be concluded that this was his domiciliary address.
Anderson also suggests that even if Orlando Anderson was served, he is not a person of suitable age and discretion. The record indicates that Orlando was seventeen years old. Although there is no magic age for accepting service, Louisiana courts have previously considered persons below the age of seventeen as being of suitable age where the deputies ascertained that they had an understanding of the service. In fact, in First National Bank of Jefferson Parish v. Rall, 607 So.2d 716 (La.App. 4 Cir.1992), the court upheld domiciliary service accepted by an eleven year old. Further, Anderson did not produce any evidence to show that Orlando Anderson was not of suitable discernment to accept the service.
Upon review, it is noted that Anderson merely made allegations of improper service, but he offered no evidence to support his contentions. As such, he has failed to meet his burden of proving that the service was improper, and his first assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
In his second assignment of error, the Defendant argues that the trial court erred in determining that this was an open account, and in his third assignment of error, the Defendant asserts that the trial court erred in awarding attorneys fees. He argues that there was insufficient evidence to support the Plaintiff's claim of this being an open account. Instead, he suggests that the claim is based on a conventional obligation and that, as an oral *878 contract, the Plaintiff is not entitled to attorney's fees.
The term open account is defined by La.R.S. 9:2781, and it provides in pertinent part:
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant....
. . .
C. For the purposes of this Section and the Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions....
(Emphasis added.)
We recognize that an open account is similar to a line of credit. Tyler v. Haynes, 99-1921 (La.App. 3 Cir.2000); 760 So.2d 559; citing, Dixie Mach. Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc., 96-869 (La.App. 5 Cir. 3/12/97); 692 So.2d 1167. Along with the petition, the Plaintiff presented an "Affidavit of Correctness" and an invoice regarding the work completed on the old building. The invoice states, "[o]n December 19, 2000, work was completed on that building. This work consisted of replacing: 1.) Rotten 2" × 6" lumber and ¾" plywood; 2.) Base sheeting; 3.) 3-applications of torch ply 4 using dead level bitman. The total project cost was $4,950.00." The evidence suggests that the Plaintiff performed the work while extending a line of credit to the Defendant. It appears that the Plaintiff purchased all of the materials and performed the labor necessary to fix the roof while keeping a tabulation of what was owed by the Defendant. Upon completion, the Plaintiff sent the Defendant a final bill. Considering the evidence, we are satisfied that this was an open account and not a contract.
Further, Hayes is entitled to attorney fees. He sent written demand via certified mail to Anderson. The record contains a copy of that demand letter along with a certified mail receipt signed by Anderson indicating that he did receive the letter. The letter stated that the bill was to be paid or legal action would be necessary. Anderson failed to pay the balance due; thus, after the passage of the number of days required according to La.R.S. 9:2781, Hayes filed his petition. Considering the above, we find that Hayes complied with the guidelines set forth by La.R.S. 9:2781. As such, we do not find error in the trial court's award of attorney fees.
For the above reasons, the Defendant's second and third assignments of error are without merit.

DECREE
Considering the above, the default judgment of the trial court is affirmed. All costs of this appeal are assessed to the Defendant.
AFFIRMED.