STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1157

GINGER DEFOREST

VERSUS

ACADIAN GARDENS CONDOMINIUM ASSOCIATION

Judgment Rendered: __APR 2 8 2023__

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2021-13457

The Honorable Vincent J. Lobello, Judge Presiding

Ginger K. DeForest                    Plaintiff/Appellant *Pro Se*
Covington, Louisiana

Stanley C. Kottemann, Jr.             Counsel for Defendant/Appellee,
Kenner, Louisiana                     Acadian Gardens Condominium
                                      Association

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

Wolfe, J. concurs without reasons

**MILLER, J.**

Ginger DeForest, plaintiff/appellant, appeals a judgment by the Twenty-Second Judicial District Court sustaining a declinatory exception of improper venue in favor of defendant/appellee, Acadian Gardens Condominium Association, and dismissing Ginger DeForest's petition with prejudice. For the following reasons, we affirm in part, vacate in part, and remand with instructions.

## FACTUAL AND PROCEDURAL HISTORY

On August 4, 2021, Ginger DeForest ("DeForest") filed a petition in the Twenty-Second Judicial District Court ("district court") seeking to nullify a judgment of the City Court for the City of Slidell ("city court")[1] and to have the privilege reflecting the associated debt canceled. Acadian Gardens Condominium Association ("Acadian") was named as the defendant. In her petition, DeForest contended that her claim involved title to immovable property, that the city court lacked subject matter jurisdiction to adjudicate the dispute, and therefore, that the city court judgment was absolutely null under La. C.C.P. art. 2002. Thereafter, on October 22, 2021, Acadian filed exceptions including: declinatory exceptions of lis pendens, improper venue, and lack of subject matter jurisdiction; a dilatory exception of vagueness or ambiguity of the petition; and peremptory exceptions of prescription, peremption, *res judicata*, no right of action, and no cause of action.

At the hearing on the exceptions, the district court sustained Acadian's exception of improper venue and found that under La. C.C.P. art. 2006, a suit to nullify a judgment must be brought in the court which rendered the judgment. The district court further concluded that its ruling on the exception of improper venue rendered Acadian's other exceptions moot. The district court signed a judgment on

---

[1] At the time this matter was heard in city court, the court was called City Court for the City of Slidell. The name subsequently changed to City Court of East St. Tammany. See La. R.S. 13:2487.1.

June 2, 2022, which sustained the exception of improper venue and dismissed DeForest's petition with prejudice. It is from this judgment that DeForest appeals.

## ASSIGNMENTS OF ERROR

DeForest contends the district court erred in sustaining the exception of improper venue; the district court erred in dismissing her petition with prejudice; and the district court erred in executing the judgment prior to circulation under Louisiana District Court Rule 9.5.

## DISCUSSION

First, DeForest contends the district court erred in sustaining Acadian's exception of improper venue. Venue is a question of law, which is reviewed *de novo* by the appellate court. Alost v. Lawler, 2018-1271 (La. App. 1st Cir. 5/8/19), 277 So. 3d 329, 334.

The nullity of a final judgment may be demanded for vices of either form or substance. La. C.C.P. art. 2001. A vice of form renders the judgment an absolute nullity. Leonard v. Reeves, 2011-1009 (La. App. 1st Cir. 1/12/12), 82 So. 3d 1250, 1259. A final judgment shall be annulled for vices of form if it is rendered against an incompetent person not represented as required by law; or against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken; or by a court which does not have jurisdiction over the subject matter of the suit. La. C.C.P. art. 2002(A).

An action of nullity is subject to the venue requirements of La. C.C.P. art. 2006, which provides that an action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court. La. C.C.P. art. 2006; Knight v. Sears, Roebuck & Co., 89-0947 (La. App. 1st Cir. 6/26/90), 566 So. 2d 135, 137, writ denied, 90-2141 (La. 11/30/90), 571 So. 2d 628. The venue

3

established in La. C.C.P. art. 2006 is nonwaivable. La. C.C.P. art. 44. However, the jurisprudence has developed an exception to the venue requirements of La. C.C.P. art. 2006 when a person collaterally attacks an absolutely null judgment.[2] Knight, 566 So. 2d at 137.

An action to annul a judgment for a vice of form may be brought by an interested person at any time, before any court, and through a collateral attack. See La. C.C.P. art. 2002(B) and Smith v. LeBlanc, 2006-0041, p. 6 (La. App. 1st Cir. 8/15/07), 966 So. 2d 66, 71. The venue exception has been consistently applied only in suits where an absolutely null judgment is being collaterally attacked. This court has found the venue exception should not be expanded to excuse the venue requirements of La. C.C.P. art. 2006 when a party brings a direct action for the sole purpose of annulling an absolutely null judgment. Knight, 566 So. 2d at 137.

DeForest's petition to annul the city court judgment is not a collateral attack. DeForest brought a direct action for the purpose of annulling the city court judgment, and is thus beyond the scope of the jurisprudential exception to the venue requirements of La. C.C.P. art. 2006. The district court did not err in sustaining Acadian's exception of improper venue. This assignment of error is without merit.

Next, DeForest contends the district court erred in dismissing her petition with prejudice. The district court, in deciding a declinatory exception of improper venue, is afforded discretion in choosing to dismiss the action or transfer it to a proper venue in the interest of justice. See La. C.C.P. arts. 121 and 932(B). Appellate courts review this decision under the abuse of discretion standard of

---

[2] A collateral attack is an attempt to impeach the judgment from one proceeding in another proceeding not instituted for the express purpose of annulling the judgment. Smith v. LeBlanc, 2006-0041, p. 6 (La. App. 1st Cir. 8/15/07), 966 So. 2d 66, 71 n. 2. Such a collateral proceeding includes the assertion of the absolute nullity of a judgment as an affirmative defense, such as in an answer or by exception. Id., 966 So. 2d at 72.

4

review. Bertrand v. Desselle, 2022-236 (La. App. 3rd Cir. 11/16/22), 353 So. 3d 936, 940.

The decision to transfer or dismiss a lawsuit due to improper venue is addressed in La. C.C.P. arts. 121 and 932. Under Article 121, when an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. Similarly, under Article 932(B), if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.

A jurisprudential rule has evolved which provides that when a plaintiff does not knowingly file suit in the wrong venue, transfer to the correct venue is proper. Said another way, when a plaintiff is unable to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case may be transferred to a court of proper venue pursuant to La. C.C.P. art. 121. However, when a plaintiff knowingly files suit in the wrong venue, dismissal is proper. Price v. Roy O. Martin Lumber Co., 2004-0227 (La. App. 1st Cir. 4/27/05), 915 So. 2d 816, 826, writ denied, 2005-1390 (La. 1/27/06), 922 So. 2d 543.

No suggestion is made that DeForest knew the district court was an improper venue at the time she filed her petition to annul the city court judgment. DeForest contends that after conducting research in connection with her city court case, she discovered the city court judgment might be an absolutely null judgment and the district court was the correct court to file a petition to annul the judgment. While DeForest is incorrect in her thought that the district court was the correct venue to file her petition to annul the city court judgment, she acted upon incorrect knowledge and did not knowingly file the petition to annul in the wrong venue. It would thus be proper for the district court to transfer the suit to city court. As this issue was not addressed by the district court when the matter was ruled upon in

5

open court, we will address this issue as we resolve the remaining assignment of error.

DeForest contends in her last assignment of error that the district court erred in signing the judgment because it was not circulated pursuant to Rule 9.5 of the Louisiana District Court Rules. She further argues Acadian should be assessed with the costs of this appeal because the judgment was signed prior to circulation.

Rule 9.5 provides that if a judgment is presented to the court for signature after rendition, the responsible attorney shall circulate the proposed judgment to counsel for all parties and allow at least five working days for comment before presentation to the court, and upon presenting it to the court, if an opposition was received, it must identify the nature of the opposition. Matter of Succession of Buhler, 2017-0049 (La. App. 1st Cir. 2/22/18), 243 So. 3d 39, 45, writ not considered, 2018-0478 (La. 5/11/18), 241 So. 3d 1013. Such a proposed judgment must also contain a certificate verifying its delivery to the other attorneys or parties and stating whether any opposition was received. In re Interdiction of DeMarco, 2009-1791 (La. App. 1st Cir. 4/7/10), 38 So. 3d 417, 423-24.

It is undisputed that the judgment signed on June 2, 2022, failed to comply with the requirements described above. This court has found a trial court's error in signing a judgment that does not comply with Rule 9.5 to be harmless error when the judgment submitted comports with the trial court's factual findings and oral reasons. DeMarco, 38 So. 3d at 424.

In its oral ruling, the district court stated:

> The Court is going to grant the Exception of Improper Venue. The law is clear under Article 2006 that a suit to nullify a judgment has to be brought in the court which rendered the judgment. Based on your admission today that the sole purpose of your suit is [to] nullify that judgment, this action should have been brought in Slidell City Court, the Court of East St. Tammany.
>
> Would you prepare and circulate a judgment? The ruling granting that Exception I believe renders all other Exceptions moot.

However, the judgment which was prepared by Acadian but not circulated prior to signing provides:

> IT IS ORDERED, ADJUDGED AND DECREED that the Plaintiff, Ginger Deforest's "Petition for Nullity of the Judgment of Slidell City Court for Lack of Subject Matter Jurisdiction, and to Cancel the Privilege from the Recorder's Office" **be dismissed with prejudice.** This dismissal is based on the exception of improper venue and Louisiana Code of Civil Procedure Article 2006.

(Emphasis added.)

We find the failure to circulate the judgment in accordance with Rule 9.5 resulted in a judgment which fails to comport with the district court's oral ruling. This constitutes error. The district court did not mention whether the petition was to be dismissed, with or without prejudice, or whether the matter was to be transferred to a court of proper venue. Acadian added that DeForest's petition was to be "dismissed with prejudice" and then failed to circulate the judgment pursuant to Rule 9.5. When a judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. BAC Home Loans Servicing, LP v. Louis, 2020-0717 (La. App. 1st Cir. 5/13/21), 326 So. 3d 904, 908 n. 3. Also, as previously stated, when a plaintiff is unable to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case may be transferred to a court of proper venue. La. C.C.P. art. 121; Bertrand v. Desselle, 2022-236 (La. App. 3rd Cir. 11/16/22), 353 So. 3d 936, 942-943. Therefore, we vacate the part of the judgment that dismissed DeForest's petition with prejudice, and we remand with instructions for the district court to transfer DeForest's suit to the city court.

Further, in connection with her argument regarding Rule 9.5, DeForest contends that Acadian should be assessed with the costs of this appeal. In response, Acadian contends that each party should bear their own costs for these proceedings. Louisiana Code of Civil Procedure article 2164 provides that the

appellate court may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. Had the judgment been circulated as required, the dispute over its substance could have been resolved by the district court, and perhaps this appeal could have been avoided. Due to Acadian's failure to circulate the judgment and our finding that the judgment does not comport to the district court's oral reasons, each party is assessed with one-half of the costs of this appeal.

## CONCLUSION

The portion of the June 2, 2022 judgment sustaining the declinatory exception of improper venue in favor of Acadian Gardens Condominium Association and against Ginger DeForest is affirmed; the portion of the judgment dismissing Ginger DeForest's petition with prejudice is vacated; and this matter is remanded to the Twenty-Second Judicial District Court with instructions to transfer the action to the City Court of East St. Tammany. Costs of this appeal are assessed one-half to Ginger DeForest and one-half to Acadian Gardens Condominium Association.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**